NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 07-108

STEPHANIE HAYES

VERSUS

JASON C. COVEY, ET AL.

**********

APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 2004-6641-B
HONORABLE MARK A. JEANSONNE, DISTRICT JUDGE

**********

JOHN D. SAUNDERS
JUDGE

**********

Court composed of John D. Saunders, Oswald A. Decuir, and Marc T. Amy, Judges.

AFFIRMED.

David A. Hughes
Hughes & LaFleur
P. O. Box 1831
Alexandria, LA 71309-1831
(318) 443-4090
Counsel for Defendant/Appellant:
Shelter Mutual Ins. Co.
Jason C. Covey

**Darrel Dee Ryland**
**Attorney at Law**
**P.O. Box 1469**
**Marksville, LA 71351**
**(318) 253-5961**
**Counsel for Plaintiff/Appellee:**
**Stephanie Hayes**

**SAUNDERS, Judge.**

This cause of action arises from an automobile accident. Defendant driver was attempting to make a left turn across two lanes of traffic when he and the plaintiff driver collided.

The trial court granted plaintiff driver's Motion for Summary Judgment asserting that defendant driver was 100% at fault for the accident. Defendant driver and his liability insurance company appealed the granting of this motion. On appeal, the summary judgment in favor of the plaintiff was reversed.

After a trial on the merits, the trial court found that defendant driver was 100% at fault for the accident. Defendant driver and his liability insurer have now appealed that allocation of fault. We find no error in the trial court's findings.

**FACTS AND PROCEDURAL HISTORY:**

On January 23, 2004, plaintiff, Stephanie Hayes (hereinafter "Hayes") and defendant driver, Jason Covey (hereinafter "Covey"), were in an automobile accident. The accident took place at a T-intersection where Louisiana Highway 6 meets with Tarleton Drive. The accident occurred in Hayes' lane of travel while she was proceeding straight on Louisiana Highway 6. Covey and Hayes collided when Covey failed to yield the right of way to Hayes as he attempted to make a left turn from Louisiana Highway 6 across Hayes' lane of travel in order to get onto Tarleton Drive.

Hayes filed suit against Covey and his insurer, Shelter Mutual Insurance Company (Covey and Shelter Mutual Insurance Company hereinafter collectively known as "Defendants"). Hayes filed for and was granted a Motion for Summary Judgment on the issue of liability. Defendants appealed the trial court's judgment that no reasonable person could find that Covey was not 100% at fault in the accident. The Third Circuit Court of Appeal reversed the trial court's finding on Hayes' Motion for

Summary Judgment and remanded for a trial on the merits.

A trial was conducted in the Twelfth Judicial District Court, Parish of Avoyelles, on November 16, 2006. After reviewing the evidence brought forth at trial, the trial court found that Covey was 100% at fault for the accident and issued a judgment for Hayes and against Defendants.

Defendants appeal this judgment asserting one assignment of error. Defendants assert that the trial court was unreasonable in finding that Covey was 100% at fault for the accident. We find that the record has ample evidence that supports the trial court's finding regarding the allocation of fault and affirm its judgment.

**ASSIGNMENT OF ERROR:**

1. Was the trial court manifestly erroneous or clearly wrong in concluding that Covey was 100% at fault for the automobile accident with Hayes?

**<u>ASSIGNMENT OF ERROR #1</u>:**

Defendants assert that the trial court was manifestly erroneous or clearly wrong in allocating 100% of the fault to defendant driver Covey for the automobile accident with Hayes. We find that this assertion lacks merit.

A trial judge's findings of fact will not be disturbed unless they are manifestly erroneous or clearly wrong. *Stobart v. State, through Dep't of Transp. & Dev.,* 617 So.2d 880 (La.1993). "Absent 'manifest error' or unless it is 'clearly wrong,' the jury or trial court's findings of fact may not be disturbed on appeal." *Sistler v. Liberty Mut. Ins. Co.,* 558 So.2d 1106, 1111 (La.1990). "If the trial court or jury's findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." *Id.* at 1112.

The Louisiana Supreme Court, in *Duncan v. Kansas City Southern Railway Co.*, 00-66, p. 10-11 (La.10/30/00), 773 So.2d 670, 680-681, set forth the standard for reviewing comparative fault determinations as follows:

> This Court has previously addressed the allocation of fault and the standard of review to be applied by appellate courts reviewing such determinations. Finding the same considerations applicable to the fault allocation process as are applied in quantum assessments, we concluded "the trier of fact is owed some deference in allocating fault" since the finding of percentages of fault is also a factual determination. *Clement v. Frey*, 95-1119 (La.1/16/96), 666 So.2d 607, 609, 610. As with other factual determinations, the trier of fact is vested with much discretion in its allocation of fault. *Id*.

Therefore, a trier of fact's allocation of fault is subject to the manifestly erroneous or clearly wrong standard of review. This court recently addressed these well established principles in *Williams v. Aymond*, 05-1547 (La.App. 3 Cir. 12/6/06), 945 So.2d 823, 831, when it stated as follows:

> [T]he *Clement* decision dictates that the allocation of fault is not an exact science, nor is it the search for a precise ratio. Rather, much like that of quantum assessment, allocation of fault is the finding of an acceptable range and any allocation by the trier of fact within that range cannot be disturbed under the manifest error standard of review. Therefore, in order for this court to disturb the trial court's allocation of fault, the defendants must show that, based on the evidence in the record, no reasonable person could have allocated the fault in the manner that the trial judge did in this case.

The Louisiana Supreme Court addressed what factors to consider when attempting to review an allocation of fault in *Watson v. State Farm and Cas. Ins. Co.*, 469 So.2d 967, 974 (La.1985):

> [V]arious factors may influence the degree of fault assigned, including: (1)[W]hether the conduct resulted from inadvertence or involved an awareness of the danger, (2) how great a risk was created by the conduct, (3) the significance of what was sought by the conduct, (4) the capacities of the actor, whether superior or inferior, and (5) any extenuating circumstances which might require the actor to proceed in

3

haste, without proper thought. And, of course, as evidenced by concepts such as last clear chance, the relationship between the fault/negligent conduct and the harm to the plaintiff are considerations in determining the relative fault of the parties. *Id* at 974.

We find that there is ample evidence in the record for the trial court to find that Covey was 100% at fault for the accident in question. Hayes testified that she was not speeding, that she was not in a hurry to get anywhere, and that even if she had seen Covey as she approached the intersection, under the same conditions, she could not have done anything differently to avoid the accident.

Covey's testimony was that he was stopped at the intersection and had already yielded the right of way to vehicles preceding Hayes. As such, Covey testified that he did not give any indication to Hayes that he was going to fail to properly yield and attempt to cross her lane of travel. According to Covey, he was not bringing any attention to his vehicle and felt that there was no reason for Hayes to think that he would pull right out in front of her.

Defendants argue that because Hayes did not see Covey before the accident that she should at least share some of the fault for the accident. Defendants' base their argument on cases wherein the driver of a vehicle with the right of way was attributed some fault for an accident when he or she did not see the left turning vehicle.

Defendants' reliance on cases that find it reasonable for a driver with the right of way to be attributed some fault for an accident with a left turning vehicle is misguided. The burden on Defendants here is not to demonstrate that it would be reasonable to find some fault on the part of Hayes. Rather, Defendants must show that it is *unreasonable* for the trial court to have made the allocation of fault that it made in its judgment. We find that a reasonable person has a plethora of evidence to find

4

that Covey was 100% at fault for the accident in question. As such, after a thorough review of the record, we affirm the trial court's allocation of fault in the case before us.

**CONCLUSION:**

Defendants raised one assignment of error regarding the allocation of fault between Covey and Hayes. We find no error on the part of the trial court in its 100% allocation of fault to Covey for the accident. We assess all costs of this appeal to Defendants.

**AFFIRMED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3, Uniform Rules, Courts of Appeal.

5